Citation Nr: 1706043 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 05-26 178 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a psychiatric disorder, to include as secondary to service-connected residuals of a bilateral mammectomy.


REPRESENTATION

Appellant represented by: Daniel Krasnegor, Esq.


ATTORNEY FOR THE BOARD

B. P. Keeley, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the United States Army from February 1976 to January 1979, in the Army National Guard from September 1980 to February 1982, and subsequently in the Army Reserves.

This matter comes before the Board of Veterans' Appeals on appeal from a January 2004 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas, denying service connection for a psychiatric disorder, to include as secondary to service-connected residuals of a bilateral mammectomy.

This matter was initially before the Board in November 2007and service connection for the above issue was denied. The Veteran timely appealed the denial to the United States Court of Appeals for Veterans Claims (Court). During that appeal, the Veteran and Secretary of the Department of Veterans Affairs jointly agreed to remand the above issues back to the Board for further development. The case was returned to the Board in October 2009 and it was remanded to the RO for further development in compliance with the Court's Order. The Board again remanded this matter for additional development in December 2011 and May 2016. The matter has since been returned to the Board for further appellate action. As discussed below, the Board finds that there has not been substantial compliance with its remand.

This is a paperless appeal located on the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system. The Board has reviewed the electronic records maintained in both VBMS and Virtual VA to ensure consideration of the totality of the evidence.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

The Veteran claims that he experiences mental and emotional issues as a result of his bilateral mammectomy and residuals. Specifically, he has stated that he feels "less than a man," that his relationships have failed as a result, and that he has attempted suicide on several occasions. This issue was before the Board in December 2011, at which time it was remanded for a medical examination to assist in determining whether the Veteran had a psychiatric disorder and, if so, whether it was related to service, to include the residuals of his bilateral mammectomy.

In an effort to comply with the Board's December 2011 remand, the Veteran was afforded a VA examination for his psychiatric claim in February 2013. The Board found this examination to be inadequate and not in compliance with its remand and again remanded it to the RO in May 2016. Stegall v. West, 11 Vet. App. 268 (1998). The Board ordered the RO to schedule the Veteran for a VA psychiatric examination, to review the claims file in conjunction with the examination and note both the personal examination and claims file review in the examination report. The Board directed the examiner to "determine whether the Veteran has a mental disorder diagnosis" and if it were determined the Veteran does not have a mental disorder diagnosis to "provide a clear rationale explaining this conclusion." The Board ordered the examiner to "specifically address, and include in the report, the Veteran's lay statements of record, including, but not limited to, that his bilateral mammectomy "makes him less of a man" and he has attempted suicide on several occasions as a result." The Board indicated that all opinions "must be accompanied by a clear rationale." The Board directed that the RO should document all efforts taken to assist the Veteran in arranging the examination and to note in the file should such an examination were unable to be scheduled.

In an effort to comply with the Board May 2016 remand, the RO conducted a Compensation and Pension (C&P) examination in June 2016. The opinion contained in this C&P is inadequate for several reasons. First, the medical examiner's opinion does not comply with the Board's remand directives and did not address the Veteran's specific contentions. A Board remand confers upon an appellant the right to compliance with that order. Stegall, 11 Vet. App. at 271; D'Aries v. Peak, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Court or Board remand). Additionally, when VA undertakes to provide a Veteran with an examination, that examination must be adequate for VA purposes. Barr v. Nicholson, 21 Vet. App. 303 (2007). Here, the medical examiner indicated that the Veteran reports to be depressed, which he attributes to scars from his bilateral mammectomy and indicated that the preponderance of evidence from his record does not support this claim. The examiner did not address the lay evidence with respect to the Veteran's report that the bilateral mammectomy makes him less of a man and he has attempted suicide on several occasions as a result. The examiner she did not present a rationale explaining why the Veteran does not have a diagnosed mental disorder. If a diagnosis is not supported by the findings on the examination report, or if the report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for evaluation purposes. 38 C.F.R. § 4.2 (2016).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for another VA psychiatric examination. The claims file must be made available to and be reviewed by the examiner in conjunction with the examination. All tests deemed necessary should be conducted and the results reported in detail. Such claims file review, as well as personal examination of the Veteran, should be specifically noted in the examination report. Following review of the claims file and examination of the Veteran, the examiner should offer the following opinions:

a) Determine whether the Veteran has a mental disorder 
diagnosis. If the examiner determines the Veteran does not have a mental disorder diagnosis, provide a clear rationale explaining this conclusion.

b) If so, the examiner should then determine whether it is 
at least as likely as not (50 percent or greater probability) that any diagnosed psychiatric disorder is related to military service or to a service-connected disability, to include residuals of his bilateral mammectomy.
The examiner should specifically address, and include in the report, the Veteran's lay statements of record, including, but not limited to, that his bilateral mammectomy "makes him less of a man" and he has attempted suicide on several occasions as a result.

All opinions must be accompanied by a clear rationale. If the examiner opines that any of the above questions cannot be resolved without resorting to speculation, then a detailed medical explanation as to why this is so must be provided.

The RO should document all efforts taken to assist the Veteran in arranging an examination, and if one cannot be scheduled due to the Veteran's incarceration, such should be noted in the claims file and communicated to the Veteran.

In the event that an examination cannot be scheduled, the RO should attempt to obtain a medical opinion without an examination. If the examiner is unable to issue an opinion without an examination, the examiner should provide a rationale explaining this determination.

2. Following the above development, the RO should review the claims file and readjudicate the Veteran's claim for service connection for a psychiatric disorder, to include as secondary to his service-connected residuals of a bilateral mammectomy. If the benefits sought on appeal remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).